UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

AMBER BLASZAK,

                    Plaintiff,

          -vs-                         **No. 1:15-CV-00365 (MAT)**
                                       **DECISION AND ORDER**
CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY,
                    Defendant.

───────────────────────────────

## I.   Introduction

Represented by counsel, Amber Blaszak ("plaintiff") brings this action pursuant to Title XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying her application for supplemental security income ("SSI"). The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, the Commissioner's motion is granted.

## II.  Procedural History

The record reveals that in November 2012, plaintiff (d/o/b January 23, 1983) applied for SSI, alleging disability as of December 26, 2011. After her application was denied, plaintiff requested a hearing, which was held before administrative law judge Timothy J. Trost ("the ALJ") on October 16, 2014. The ALJ issued an unfavorable decision on December 18, 2014. The Appeals Council

denied review of the ALJ's decision and this timely action followed.

## III. The ALJ's Decision

At step one of the five-step sequential evaluation process, see 20 C.F.R. § 404.1520, the ALJ determined that plaintiff had not engaged in substantial gainful activity since November 28, 2012, the application date. At step two, the ALJ found that plaintiff suffered from the severe impairment of "unspecified myalgias." T. 16. At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment.

Before proceeding to step four, the ALJ determined that, considering all of plaintiff's impairments, plaintiff retained the residual functional capacity ("RFC") to perform the full range of sedentary work as defined in 20 C.F.R. § 416.967(a). At step four, the ALJ found that plaintiff had no past relevant work. At step five, the ALJ determined that considering plaintiff's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy which plaintiff could perform. Accordingly, the ALJ found that plaintiff was not disabled.

## IV. Discussion

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); see also

Green-Younger v. Barnhart, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000).

Plaintiff contends that the ALJ failed to give good reasons for rejecting the opinion of her treating physician, Dr. Matthew Fernaays. Dr. Fernaays was plaintiff's primary care physician at Pembroke Family Medicine. Throughout the relevant time period, plaintiff treated with Dr. Fernaays for complaints of widespread pain, intermittent chest pain, and anxiety. Dr. Fernaays prescribed various antidepressant medications for plaintiff's anxiety, including Paxil, Cymbalta, and Effexor. When performed, mental status examinations ("MSE") in Dr. Fernaays' treatment notes indicate essentially normal findings, with the exception of anxious moods. Plaintiff also received counseling for anxiety at Spectrum Human Services ("Spectrum"), although treatment notes from Spectrum do not note findings of mental status examinations.

On February 18, 2013, Dr. Fernaays completed a functional assessment at the request of the New York State Office of Temporary and Disability Assistance. Dr. Fernaays noted that plaintiff did not suffer from a thought disorder and that she had "reasonable insight" and her thought processes were intact. According to Dr. Fernaays, plaintiff's attitude, appearance, and behavior were appropriate; speech, thought, and perception were intact; and her affect was "slightly flat" and her mood "good," but she suffered

"significant anxiety." T. 245. Sensorium, intellectual functioning, insight, and judgment were intact, and plaintiff could manage her own finances. Nevertheless, Dr. Fernaays opined that plaintiff had a "poor ability to function in a work setting." T. 241, 246. Dr. Fernaays did not describe what limitations, if any, resulted from this "poor" functioning.

The ALJ gave no weight to Dr. Fernaays' opinion regarding plaintiff's mental condition,[1] finding that the opinion was "far too vague" and noting that Dr. Fernaays was "not a psychiatrist." T. 23. Plaintiff contends that these reasons were insufficient to reject Dr. Fernaays' treating source opinion. The Court disagrees. Although the ALJ is required to consider several factors when weighing a treating source opinion, "slavish recitation of each and every factor [is not required] where the ALJ's reasoning and adherence to the regulation are clear." Atwater v. Astrue, 512 F. App'x 67, 70 (2d Cir. 2013). Here, it is clear from the ALJ's decision that he considered Dr. Fernaays' opinion and applied the relevant regulation, 20 C.F.R. § 416.927(c).

The ALJ's reasoning that Dr. Fernaays' opinion was "far too vague" was sound because the opinion did not specify *any* particular limitations stemming from plaintiff's reported "poor ability to function in a work setting." Plaintiff argues that the ALJ should have recontacted Dr. Fernaays to clarify his opinion; however, the

---

[1] Dr. Fernaays opined that plaintiff had no physical limitations, and the ALJ gave great weight to that opinion.

Court finds that given this record the ALJ did not err in failing to do so. The questions on the form filled out by Dr. Fernaays requested specific descriptions of functional limitations, yet Dr. Fernaays elected not to provide such specific information. Dr. Fernaays' statement that plaintiff had a "poor ability to function in a work setting" was in response to a question requesting that Dr. Fernaays "describe *in full* any difficulties at work or in a work-like setting . . . especially regarding relationships with supervisors & peers, performance of job duties or episodes of decompensation." T. 246 (emphasis added). The question also requested that Dr. Fernaays give dates, if possible. Dr. Fernaays' general response to this question is not surprising given his reports, on the same form, that plaintiff demonstrated a generally unremarkable mental status.

Morever, Dr. Fernaays' complete treatment notes do not indicate any more significant mental status findings, and the consulting examiner, Dr. Susan Santarpia, found that plaintiff had no significant limitations stemming from mental health conditions. Under these circumstances, the ALJ did not have a duty to recontact Dr. Fernaays for clarification of his opinion. See <u>Ayers v. Astrue</u>, 2009 WL 4571840, *1-2 (W.D.N.Y. Dec. 7, 2009) ("[T]he duty to recontact a treating physician arises only where the information received is inadequate for the ALJ to determine whether plaintiff is disabled, or where the record contains gaps in the medical history. . . . Only if the ALJ cannot determine whether a claimant

is disabled based upon existing evidence does the duty to recontact arise.”). Accordingly, the Court grants the Commissioner's motion for judgment on the pleadings.

## V.   Conclusion

For the foregoing reasons, plaintiff's motion for judgment on the pleadings (Doc. 7) is denied and the Commissioner's motion (Doc. 10) is granted. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

**S/Michael A. Telesca**
HON. MICHAEL A. TELESCA
United States District Judge

Dated:     March 8, 2017
           Rochester, New York